IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE MCNEAL,

   Plaintiff,       No. CIV S-02-2524 MCE JFM P

  vs.

FLEMING, et al.,

   Defendants.     <u>ORDER</u>

_____/

   Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights under the Eighth Amendment by using excessive force against him at High Desert State Prison (High Desert) on September 10, 2001. Several matters are pending before this court.

   On September 9, 2004, plaintiff filed a motion to reopen discovery.[1] In support of the motion, plaintiff avers that a lock-down at High Desert State Prison interfered with his ability to complete three separate discovery requests, and that defendants failed to respond in full to the

/////

/////

---

[1] In accordance with the scheduling order filed February 11, 2004, discovery closed in this action on June 4, 2004.

1

incomplete requests that he did serve.[2]  On September 15, 2004, plaintiff filed a document styled "Pretrial Motion," in which he contends, inter alia, that he has not yet had an opportunity to review or make corrections to his deposition, taken on June 9, 2004, nor an opportunity to view the videotape made of the excessive force interview that followed the September 10, 2001 incident at issue in this action.

Pursuant to court order, on November 16, 2004, defendants filed an opposition to plaintiff's request to reopen discovery.  Defendants contend that (1) they have provided further responses to the only request for production of documents served by plaintiff; (2) plaintiff has rejected their good faith offer to allow him to view the videotape of the excessive force interview; and (3) plaintiff has had enough time to pursue discovery in this case.

On September 16, 2004, defendants filed a motion for summary judgment. Plaintiff has responded to that motion with a request pursuant to Fed. R. Civ. P. 56(f) to delay disposition of the motion pending completion of additional discovery.  Plaintiff contends that he needs to conduct discovery to learn who had access to his administrative grievances and how many officers were involved in the September 10, 2001 incident, as well as to obtain evidence to demonstrate that several materials facts are in dispute in this matter.  Plaintiff also claims that he has been denied adequate access to the prison law library and that has interfered with his ability to conduct discovery in this matter.

Rule 56(f) of the Federal Rules of Civil Procedure provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit

/////

---

[2] On September 2, 2004, plaintiff filed a motion to view the videotape of his excessive force interview, and on September 7, 2004, plaintiff filed two additional discovery motions. By order filed September 23, 2004, defendants were directed to respond only to plaintiff's September 9, 2004 motion to reopen discovery.  In view of the disposition of that motion herein, plaintiff's other three motions will be denied as untimely.

      affidavits to be obtained or depositions to be taken or discovery to
be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

As noted above, plaintiff claims that defendants violated his rights under the Eighth Amendment through use of excessive force. Prison officials have discretion in taking appropriate action in pursuit of the legitimate penological objectives of discipline and control. See Wolff v. McDonnell, 418 U.S. 539, 561-63 (1974). "Where a prison security measure is undertaken to resolve a disturbance,...the question of whether the measure taken inflicted unnecessary and wanton pain and suffering [in violation of the Eighth Amendment] turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). Force applied in a good faith effort to maintain discipline or restore order does not violate the Eighth Amendment. Hudson v. McMillian, 112 S.Ct. 995, 998-99 (1992).

In support of their motion for summary judgment, defendants have presented, inter alia, their affidavits describing the incident, as well as a videotape of the excessive force interview that followed the incident. The core issue on defendants' motion for summary judgment is whether there is a triable issue of material fact over whether defendants used force against plaintiff "in a good faith effort to maintain or restore discipline," which is defendants' view of the incident, or whether defendants used force "maliciously and sadistically for the very purpose of causing harm" to plaintiff. See Whitley, supra. Plaintiff acknowledges that he has received a copy of the excessive force interview videotape but has refused to view it. (Plaintiff's Motion and Supporting Affidavits to Opposition of Defendants Summary Judgmet [sic]), filed November 22, 2004, at 4.) Defendants have not offered a copy of plaintiff's deposition transcript into evidence. The other evidence plaintiff claims to need through discovery is only tangentially related to that core issue.

/////

1    Plaintiff has had sufficient time to conduct discovery in this action, and the
2 discovery he purportedly would seek at this juncture is not sufficiently related to the core issues
3 raised by plaintiff's claim to justify further delay of this action.  For these reasons, plaintiff's
4 motions to reopen discovery and to delay disposition of defendants' motion for summary
5 judgment will be denied.  Plaintiff will be given one final forty-five day period in which to file
6 and serve a substantive opposition to defendants' motion for summary judgment.[3]  No further
7 extensions of time will be granted.
8    Plaintiff has filed three additional motions related to the matters at bar.  On March
9 4, 2005, plaintiff filed a motion for leave to file an opposition to defendants' summary judgment
10 motion, rather than a cross-motion for summary judgment.  Plaintiff is not required to file a
11 cross-motion for summary judgment.  Good cause appearing, that motion will be granted.
12    On March 7, 2005, plaintiff filed a document styled "Motion and Supporting
13 Declaration to Get Understanding of Defendants Filing of Summary Judgment."  In this motion,
14 plaintiff contends that he has not received a copy of defendants' motion for summary judgment.
15 Plaintiff has not previously complained of non-receipt of defendants' motion in the six months
16 since the motion was filed.  Moreover, it appears that defendants' motion for summary judgment
17 was properly served on plaintiff.  Nonetheless, in an abundance of caution defendants will be
18 directed to reserve a copy of their motion and accompanying documents on plaintiff.
19    On March 16, 2005, plaintiff filed a motion for a sixty day extension of time to
20 prepare discovery requests.  For the reasons set forth <u>supra</u>, that motion will be denied.
21    Finally, on October 25, 2004, plaintiff filed a pretrial statement and motion for the
22 attendance of witnesses at trial.  The date for jury trial has been vacated pending disposition of
23 defendants' motion for summary judgment. (Order filed November 4, 2004, at 2.)  Plaintiff's
24 motion for the attendance of witnesses at trial will be denied without prejudice.  The date for

---

[3] Plaintiff is referred to the provisions of this court's order filed March 21, 2003 with respect to the requirements for opposing defendants' summary judgment motion.

4

1  filing motions for the attendance of witnesses at trial will be reset, if appropriate, by subsequent
2  court order.
3          In accordance with the above, IT IS HEREBY ORDERED that:
4          1. Plaintiff's September 2, 2004 and September 7, 2004 discovery motions are
5  denied as untimely.
6          2. Plaintiff's September 9, 2004 motion to reopen discovery is denied;
7          3. Plaintiff's September 15, 2004 pretrial motion is denied;
8          4. Plaintiff's October 25, 2004 motion for the attendance of witnesses at trial is
9  denied without prejudice;
10         5. Plaintiff's November 22, 2004 motion to postpone consideration of
11 defendants' motion for summary judgment pending further discovery is denied;
12         6. Plaintiff's March 4, 2005 motion for leave to file opposition to defendants'
13 summary judgment motion is granted;
14         7. Plaintiff's March 7, 2005 motion for a copy of defendants' summary judgment
15 motion is granted;
16         8. Plaintiff's March 16, 2005 motion for a sixty day extension of time to conduct
17 discovery is denied;
18         9. Within five days from the date of this order, defendants shall reserve their
19 September 16, 2004 motion for summary judgment and accompanying documents on plaintiff;
20         10. Plaintiff is granted forty-five days from the date of this order to file and serve
21 a substantive opposition to defendants' motion for summary judgment and no extensions of time
22 will be granted for any reason; and
23 /////
24 /////
25 /////
26 /////

11. Defendants' reply brief, if any, shall be filed and served not later than seven days thereafter.

DATED: May 6, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
mcne2524.56f