IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VERNON WAYNE MCNEAL, | | No. 2:02-cv-2524-MCE-JFM-P |
|     Plaintiff, | | |
|     v. | | <u>ORDER</u> |
| FLEMING, et al., | | |
|     Defendants. | | |
| _____/ | | |

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 8, 2006, the magistrate judge issued an amended pretrial order. The parties have subsequently filed several requests for action by this court.

    On February 21, 2006, plaintiff filed an exhibit list. This list is a shortened and more specific version of plaintiff's exhibit list identified in the amended pretrial order. Good cause appearing, the exhibit list filed by plaintiff on February 21, 2006 will be substituted in place of the exhibit list for plaintiff set forth in the amended pretrial order.

///

///

///

On February 21, 2006, defendants filed a request for modification of the pretrial order. Defendants seek to modify the description of their exhibit F, which is presently identified as an Institutional Classification Committee chrono dated March 2001, to reflect the actual date of the document, September 20, 2001. Good cause appearing, this part of defendants' request will be granted.

Defendants also object to the magistrate judge's order authorizing the attendance of inmate Alvis Garrison as a witness at trial. Defendants contend that inmate Garrison was not an eyewitness to the alleged use of excessive force at issue in this action, but only to events that occurred the day before the incident at bar. Plaintiff has failed a response to this aspect of defendants' request. Plaintiff contends that inmate Garrison's testimony is necessary to disprove defendants' contention that plaintiff had refused cellmates and to call into question the necessity for the office interview that led to the events at bar. After review of the record herein, defendants' objection will be overruled.[1]

On March 6, 2006, plaintiff filed a request for modification of the amended pretrial order. Plaintiff objects to three of the undisputed facts in the amended pretrial order, to admissibility of the videotaped interview with plaintiff that followed the incident at bar, and to admission of three of defendants' exhibits. After review of the record herein, plaintiff's objections will be overruled.

Plaintiff also seeks to call Correctional Officer Walters, one of defendants' witnesses, as a witness. Under the terms of the amended pretrial order, each party is permitted to call witnesses designated by the other party. (Amended Pretrial Order, filed February 8, 2006, at 6.) No modification of the amended pretrial order is required in order for plaintiff to call Correctional Officer Walters as a witness in his case in chief.

---

[1] Plaintiff has filed two requests for writs of habeas corpus ad testificandum for inmate Garrison's attendance at trial. Plaintiff is hereby informed that the court will issue necessary writs in advance of trial and no further request from plaintiff is required.

Plaintiff has filed several requests to reopen discovery. The requests will be denied. Plaintiff has also filed a request to add a new witness, C/O Sears, to his witness list, but he has not complied with the requirements of the amended pretrial order concerning late identification of proposed witnesses. (See Amended Pretrial Order, at 6.) The request to add C/O Sears as a witness will be denied.

On September 8, 2006, plaintiff filed a request for an extension of time to exchange exhibits. The date for jury trial has been continued to October 10, 2007. If the parties have not already exchanged exhibits, they shall do so not later than forty-five days before the date set for trial.

On December 22, 2006, plaintiff filed a request to add two exhibits to his exhibit list. Plaintiff seeks to add two forms which he contends are part of prison excessive force procedures. Plaintiff contends defendants were required to produce these forms to him in September 2001 but did not do so. Plaintiff has not provided the court with a copy of either form and the court is therefore unable to determine whether either is relevant to the claims at bar. Plaintiff's request will be denied without prejudice to its renewal, as appropriate, by filing a motion in limine fourteen days in advance of the date set for trial in this action. Any such motion in limine must be accompanied by a copy of each of the two forms.

Plaintiff's December 22, 2006 request includes a request for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

///

In accordance with the above, IT IS HEREBY ORDERED that:

1. The exhibit list filed by plaintiff on February 21, 2006 is substituted in place of the exhibit list for plaintiff described in the amended pretrial order filed February 8, 2006.

2. Defendants' February 21, 2006 request for modification of the amended pretrial order is granted in part an denied in part, as follows:

    a. Defendants' request to modify the description of their exhibit F is granted.  The amended pretrial order is deemed amended to identify defendants' exhibit F as an Institutional Classification Committee chrono dated September 20, 2001.

    b. Defendants' objection to the magistrate judge's order authorizing the attendance of inmate Alvis Garrison as a witness at trial is overruled.

3. Plaintiff's March 6, 2006 request for modification of the amended pretrial order is denied.

4. Plaintiff's May 1, 2006, August 3, 2006, and October 23, 2006 requests to reopen discovery are denied.

5. Plaintiff's July 10, 2006 and October 23, 2006 requests for issuance of writs of habeas corpus ad testificandum for trial are denied as unnecessary.

6. Plaintiff's September 8, 2006 request for an extension of time to exchange exhibits is granted.  The parties shall exchange exhibits not later than forty-five days before the date set for jury trial.

7. Plaintiff's December 22, 2006 request to add two exhibits is denied without prejudice to its renewal, as appropriate, by motion in limine filed fourteen days before the date for trial herein.

///
///
///
///

8.  Plaintiff's December 22, 2006 request for appointment of counsel is denied.

Dated:  April 27, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE