UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VERNON WAYNE McNEAL,                    No. 2:02-cv-02524-MCE-JFM

        Plaintiff,

    v.                              AMENDED SUPPLEMENTAL PRETRIAL
                                    ORDER
FLEMING, et al.,
                                    TRIAL DATE: **January 13, 2014**
        Defendants.                 TIME: **9:00 a.m.**
_____/

The Court makes the following findings and orders which

supplements the Court's Amended Pretrial Order of February 8,

2006 ("Pretrial Order") and Order of April 27, 2007:

    I.   WITNESSES

    The witnesses the parties intend to call are listed in the

Pretrial Order.

    II.  EXHIBITS - SCHEDULES AND SUMMARIES

    The parties are ordered to follow the below guidelines when

filing their exhibits listed in the Pretrial Order.

    **Plaintiff's exhibits shall be listed numerically.**

**Defendants' exhibits shall be listed alphabetically.**

///

1

The parties shall use the standard exhibit stickers provided by the Court Clerk's Office:  pink for Plaintiff and blue for Defendants.  After three letters, note the number of letters in parenthesis (i.e., "AAAA(4)" to reduce confusion during the trial.  All multi-page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered.  All photographs shall be marked individually.  The list of exhibits shall not include excerpts of depositions which may be used to impeach witnesses.

Each party may use an exhibit designated by the other.  In the event that Plaintiff and Defendants offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both a number and a letter.

A.   No other exhibits will be permitted to be introduced unless:

(1)  The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not be reasonably anticipated at the pretrial conference, or

(2)  The exhibit was discovered after the pretrial conference and the proffering party makes the showing required in paragraph "B", below.

///

///

///

///

B.   Upon the post-pretrial discovery of exhibits, the parties shall promptly inform the Court and opposing party of the existence of such exhibits so that the Court may consider at trial their admissibility.  The exhibits will not be received unless the proffering party demonstrates:

(1)  The exhibits could not reasonably have been discovered earlier;

(2)  The Court and opposing parties were promptly informed of their existence;

(3)  The proffering party forwarded a copy of the exhibit(s) (if physically possible) to opposing parties.  If the exhibit(s) may not be copied, the proffering party must show that the exhibit(s) were made reasonably available for inspection by opposing party.

C.   The parties are ordered to exchange copies of all their exhibits and exhibit list by **December 30, 2013**.  Each party is directed to present the original and two (2) copies of the exhibit(s) and exhibit list to the Court Clerk's Office by **December 30, 2013.  NO EXCEPTIONS**.

D.   **If available to the party, the Court's copies of the exhibits shall be presented in a 3-ring binder(s) with a side tab identifying each exhibit by number or letter.  Each binder shall be no larger than three inches in width and have an identification label on the front and side panels.**

III.  DISCOVERY DOCUMENTS

A.   Filing Depositions.  It is the duty of the parties to ensure that any deposition which is to be used at trial has been lodged with the Clerk of the Court.

3

In addition, two unmarked copies of the transcripts must be
delivered to the Court Clerk's Office.  The parties are cautioned
that a failure to discharge this duty may result in the Court
precluding use of the deposition or imposition of such other
sanctions as the Court deems appropriate.

B.  <u>Use of Depositions</u>.  The parties are ordered to file
with the Court and exchange between themselves by **December 30,
2013** a statement designating portions of depositions intended to
be offered or read into evidence (except for portions to be used
only for impeachment or rebuttal).

C.  <u>Interrogatories</u>.  The parties are ordered to file with
the Court and exchange between themselves by **December 30, 2013**
the portions of Answers to Interrogatories which the respective
parties intend to offer or read into evidence at the trial
(except portions to be used only for impeachment or rebuttal).

IV.  <u>FURTHER DISCOVERY OR DISCOVERY MOTIONS</u>

Pursuant to the Court's Scheduling Order, all discovery and
law and motion was to have been completed.  The parties are free
to engage in informal agreements regarding discovery and law and
motion matters.  However, any such agreements will not be
enforceable in this Court.

V.  <u>AGREED STATEMENTS - JOINT STATEMENT OF CASE</u>

It is mandatory the parties shall file a short, jointly-
prepared statement concerning the nature of this case that will
be read to the jury at the commencement of trial (**NO EXCEPTIONS**).
The joint statement of the case shall include in plain concise
language the claims of Plaintiff and claims of other parties, if
any, and the corresponding defenses to the claims.

4

The purpose of the joint statement of the case is to inform the jury at the outset, what the case is about.  The statement must be filed with the Court by **December 30, 2013**.

VI.   <u>PROPOSED JURY INSTRUCTIONS, VOIR DIRE, VERDICT FORM</u>

A.   <u>Jury Instructions</u>

The deadline date given in the Pretrial Order for filing jury instructions is vacated.  The parties are directed to meet and confer and to attempt to agree upon a joint set of jury instructions.  The parties shall use the Ninth Circuit Model Jury Instructions and any revisions.  Alternate instruction or authority may only be used if a Ninth Circuit Model Jury Instruction is unavailable.  Attached for the parties' review are the opening and closing instructions for your use.  The joint set of instructions must be filed by **December 30, 2013** and shall be identified as the "Jury Instructions Without Objection."

All instructions shall be, to the extent possible, concise, understandable, and free from argument.  See Local Rule 163(c). Parties shall also note that any modifications of instructions from statutory authority, case law or from any form of pattern instructions must specifically state the modification by underlining additions and bracketing deletions.

B.   <u>Verdict Form</u>

The parties must file a joint verdict form(s) concurrently with proposed jury instructions by **December 30, 2013**. If necessary, a special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired.  See Local Rule 163(e).

C.   <u>Voir Dire</u>

The parties shall submit proposed voir dire questions to the Court.   The Court reserves the right to conduct all examination of prospective jurors.   Notwithstanding this reservation, the Court will permit each side up to ten (10) minutes to conduct voir dire, if desired.   The deadline date given in the Pretrial Order for filing voir dire questions is vacated.   The voir dire questions shall be filed with the Court by **December 30, 2013**.

D.   <u>Submission of Documents to the Court</u>

At the time of filing their respective proposed jury instructions, verdict form(s), and voir dire questions, the parties shall also electronically mail to the Court in digital format and compatible with Microsoft Word or WordPerfect, the proposed jury instructions and verdict form(s). **These documents should be sent to mceorders@caed.uscourts.gov**.

VII.   <u>AUDIO/VISUAL EQUIPMENT</u>

The parties are required to **file electronically** a joint request to the Courtroom Deputy Clerk, Stephanie Deutsch, by **December 20, 2013** if they wish to reserve and arrange for orientation with all parties on the Court's mobile audio/visual equipment for presentation of evidence.   There will be one date and time for such orientation.

VIII.   <u>TRIAL BRIEFS</u>

The parties shall file trial briefs not later than **December 30, 2013**.   The parties are directed to Local Rule 285 regarding the content of trial briefs.

///

///

IX.   <u>EVIDENTIARY AND/OR PROCEDURAL MOTIONS</u>

The deadline date given in the Pretrial Order for filing motions in limine is vacated.  Any evidentiary or procedural motions ("motions in limine") are to be filed by **December 20, 2013**.  Oppositions must be filed by **December 30, 2013** and any reply must be filed by **January 6, 2014**.  The motions will be heard by the Court on the first day of trial.

X.   <u>DATE AND LENGTH OF TRIAL</u>

A jury trial is scheduled for **January 13, 2014**.  The estimated length of trial is **no more than three (3) days**.  The trial will consist of **seven (7) jurors**.  Counsel are to email Stephanie Deutsch, Courtroom Deputy Clerk, at mceorders@caed.uscourts.gov, or call at (916) 930-4207, by **December 30, 2013** to ascertain the status of the trial date.

The Court will permit each side up to one (1) hour for closing arguments.  Plaintiff will be permitted to reserve time for rebuttal purposes but will be required to monitor any time so reserved.

IT IS SO ORDERED.

Date:  March 29, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE