UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FLEMING, et al.,<br><br>　　　　　Defendants. | No. 2:02-cv-2524-TLN-CKD (PC)<br><br>ORDER SETTING SETTLEMENT CONFERENCE |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  By order filed September 6, 2013, the court determined that this matter will be set for mandatory settlement conference and the parties were each directed to inform the court in writing whether they wished to proceed with the settlement conference before the undersigned or another Magistrate Judge of this Court.  (ECF No. 254.)  Defendants failed to inform the court in accordance with the September 6, 2013 order.  On December 17, 2013, the court issued another order requiring defendants to inform the court in writing whether they wished to proceed with the settlement conference before the undersigned or another Magistrate Judge of this Court within five days.  (ECF No. 261.)  On December 20, 2013, defendants filed notice declining to waive disqualification of the undersigned and requesting that the matter be set for settlement before another Magistrate Judge of this Court.  Good cause appearing, that will be the order of the court.  Accordingly, this case will be referred to Magistrate Judge Kendall J.

1

1   Newman to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento,

2   California 95814 in Courtroom #25 on May 6, 2014 at 9:00 a.m.

3         A separate order and writ of habeas corpus ad testificandum will issue concurrently with

4   this order.

5         Also before the court are two motions filed by plaintiff.  The first is plaintiff's September

6   25, 2013 motion styled as "Motion for Magistrate Judge Delaney as settlement Judge."  (ECF No.

7   255.)  Therein, plaintiff requests that the undersigned "proceed as Magistrate Judge for settlement

8   conferences."  Id.  The court construes this motion as plaintiff's attempt to comply with the

9   court's September 6, 2013 order that the parties inform the court in writing whether they wished

10  to proceed with the settlement conference before the undersigned or another Magistrate Judge of

11  this Court.  Because defendants have declined to waive disqualification of the undersigned,

12  plaintiff's motion is moot.  Accordingly, it is denied.

13        The second of plaintiff's motions is his December 26, 2013 motion styled as "Motion for

14  Consent Form for Settlement Conference."  (ECF No. 263.)  Therein, plaintiff requests a "consent

15  form for settlement conferences from September 6, 2013 court order."  Id. at 1.  Because

16  defendants have declined to waive the disqualification of the undersigned and because a

17  settlement conference before another Magistrate Judge has been set by this order, plaintiff's

18  request is denied as unnecessary.

19        In accordance with the above, IT IS HEREBY ORDERED that:

20        1. This case is set for a settlement conference before Magistrate Judge Kendall J. Newman

21  on May 6, 2014 at 9:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, California

22  95814 in Courtroom #25.

23        2. A representative with full and unlimited authority to negotiate and enter into a binding

24  settlement shall attend in person.[1]

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conference . . . ."  United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. The parties are directed to exchange non-confidential settlement statements seven days prior to this settlement conference. These statements shall simultaneously be delivered to the court using the following email address: kjnorders@caed.uscourts.gov. If a party desires to share additional confidential information with the court, they may do so pursuant to the provisions of Local Rule 270(d) and (e).

5. Plaintiff's September 25, 2013 motion styled as "Motion for Magistrate Judge Delaney as settlement Judge" (ECF No. 255) is denied as moot.

6. Plaintiff's December 26, 2013 motion styled as "Motion for Consent Form for Settlement Conference" (ECF No. 263) is denied as unnecessary.

Dated: January 16, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).