# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE McNEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>FLEMING, et al.,<br><br>    Defendant. | No. 2:02-cv-02524-TLN-CKD<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff Vernon McNeal's ("Plaintiff") renewed Request for Transcripts at Government Expense. (ECF No. 393.) Transcript requests by persons permitted to appeal in forma pauperis shall be paid by the United States if the trial judge certifies the appeal is not frivolous. 28 U.S.C. § 753(f). Plaintiff's request includes three grounds for appeal for which he needs trial transcripts. (ECF No. 393 at 2.) Plaintiff explains his appeal is not frivolous because: (1) he stated multiple times Defendant Hatley restarted the tape recorded of Plaintiff's incident statement; (2) he was not provided adequate medical care and MTA Baton could not even remember what she wrote on the medical report about the incident; and (3) the make-up of the jury violated his constitutional rights because the jury was all white. (ECF No. 393 at 2.)

As to the first ground for appeal, Plaintiff was afforded an opportunity at trial to question Defendant Hatley about restarting the tape. Plaintiff's statement that "he has been stating from

1

the beginning that Defendant Hatley restarted the tape," is a disputed fact that was discussed at trial. Plaintiff elicited testimony on this fact which either contradicted Plaintiff's version of events or made it clear the witness could not recall whether the tape was restarted. The jury, not the Court, weighs the credibility of witnesses and the jury credited other testimony over Plaintiff's testimony regarding the tape. Moreover, the tape Plaintiff references is a tape made after the incident where prison staff interviewed Plaintiff about the alleged excessive force. The fact that the tape was restarted during Plaintiff's interview is not relevant to the question of whether the incident itself constituted excessive force. Thus, the appeal is frivolous as to this ground.

As to the second ground, the fact that MTA Baton cannot recall what she wrote on the medical report is not sufficient grounds for appeal. Plaintiff was afforded an opportunity to question MTA Baton about the medical care Plaintiff received. Additionally, Plaintiff was permitted to testify about his medical care. While the Court recognizes Plaintiff's frustration that MTA Baton could not recall what she wrote on the medical report, the Court notes this case is over 15 years old and thus forgetting details of the incident is understandable. MTA Baton's failure to remember is not a sufficient ground for appeal.

Finally, the Court turns to Plaintiff's contention that his constitutional rights were violated because he had an all-white jury. The Court's process of selecting jurors is first to pull in a random cross-section of the community, then to randomly select jurors to be placed in the jury box for questioning. The Court conducted this trial as it does all other trials. Plaintiff was given an opportunity to question jurors, remove jurors for cause, and afforded three preemptory challenges. Plaintiff did not object to the jury selection process at trial. However, out of an abundance of caution, the Court finds this ground for appeal is not frivolous and invites the Ninth Circuit to review this District's jury selection process to ensure litigants are given all means necessary for a fair trial.

For the reasons set forth above, the Court finds the last ground for appeal is not frivolous and hereby GRANTS Plaintiff's request for transcripts at the government's expense. (ECF No. 393.)

IT IS SO ORDERED

Dated: September 14, 2018

Troy L. Nunley
United States District Judge